UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SRIKANTH SREEDHAR,<br><br>Plaintiff. | 1.  25-CV-0407<br>2.  25-CV-0482<br>3.  25-CV-0522<br>4.  25-CV-0699<br>5.  25-CV-1853<br>6.  25-CV-2213<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Srikanth Sreedhar recently filed six *pro se* complaints in this Court, asserting

claims that are overlapping or duplicative.[1] He has filed multiple motions in these cases seeking

various forms of relief. For the reasons set forth below, the Court (1) directs the Clerk of Court to

assign to my docket all six actions, (2) grants Plaintiff leave to proceed *in forma pauperis* in all

cases; (3) dismisses the complaints for failure to state a claim on which relief may be granted;

(4) denies without prejudice all the pending motions; and (5) grants Plaintiff 30 days' leave to

file amended complaints in each case.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

---

[1] Plaintiff filed three other *pro se* complaints in this Court. *See Sreedhar v. Nat'l Institute of Tech. Karnataka*, No. 25-CV-3100 (LTS) (S.D.N.Y filed Apr. 9 2025); *Sreedhar v. Farrell*, No. 25-CV-1989 (LTS) (S.D.N.Y Mar. 14, 2025) (transferring complaint to the United States District Court for the District of Massachusetts because the named defendant was the clerk of that court); *Sreedhar v. US Gov't,* No. 24-CV-7440 (LTS) (S.D.N.Y. Mar. 4, 2025) (dismissing complaint, after granting leave to amend, for lack of subject matter jurisdiction), *appeal pending* No. 25-546 (2d Cir.).

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

### A.    Complaints considered in this action

Plaintiff filed six complaints in this court between January 10, 2025, and March 17, 2025,

regarding events alleged to have occurred in various locations in the United States between 2001

and the present. *See Sreedhar v. Judicial Conf. of the United States*, No. 25-CV-2213 (S.D.N.Y.

filed Mar. 17, 2025); *Sreedhar v. Arizona State Univ.*, No. 25-CV-1853 (S.D.N.Y. filed Mar. 2,

2025); *Sreedhar v. Rowe*, No. 25-CV-699 (S.D.N.Y. Jan. 22, 2025); *Sreedhar v. Modi*, No. 25-

CV-522 (S.D.N.Y. filed Jan. 16, 2025); *Sreedhar v. AECOM*, No. 25-CV-482 (S.D.N.Y. filed

Jan. 18, 2025); *Sreedhar v. Univ. of Florida*, No. 25-CV-407 (S.D.N.Y. filed Jan. 10, 2025).

The complaints have in common the following factual allegations: (1) Plaintiff claims to

be a United States citizen who once resided in Massachusetts but now lives in India; (2) he was

expelled from Ph.D. programs and lost graduate research positions, which invalidated the visa or

visas granted him legal status to be in the United States; (3) after being fired, no one informed

him of his right to file an employment authorization form (I-765) with the United States

Citizenship and Immigration Services ("USCIS"); and (4) his friend Sudheer was murdered in

Florida but the killing was never investigated. Although Plaintiff names different defendants in

each complaint, he seeks the same general relief, which includes money damages, an

investigation into Sudheer's death, and recognition of his United States citizenship.

In these complaints, Plaintiff also consistently references three closed cases, *Sreedhar v. U.S. Gov't*, No. 24-CV-7440 (LTS) (S.D.N.Y. Mar. 4, 2025) (dismissing complaint, after granting leave to amend, for lack of subject matter jurisdiction), *appeal pending* No. 25-546 (2d Cir.); *Sreedhar v. Google*, No. 22-CV-10322 (D. Mass. May 16, 2022), No. 22-1512 (1st Cir. Feb. 10, 2023) (dismissing *appeal on default*); *United States v. Khobragade*, No. 14-CR-0008 (JGK) (S.D.N.Y. Mar. 12, 2014) (dismissing another individual's visa fraud and other charges on grounds of diplomatic immunity).

In addition to the common facts set forth above, each complaint includes various additional facts as outlined below.[2]

### 1.    25-CV-407

Plaintiff alleges in this complaint that the University of Florida ("UF") and the Clerk of the United States Supreme Court violated his rights under Title VI of the Civil Rights Act of 1964. ECF 1 ¶ III. He claims that in 2004, the UF removed him from a PhD program, and did not investigate Sudheer's on-campus murder. Plaintiff seeks money damages; an investigation into the killing by the FBI and the government of India; and to "be reimbursed for the Postal Expenses incurred for sending [his] documents TWICE to the US Supreme Court." *Id.* ¶ IV.

### 2.    25-CV-482

In this complaint Plaintiff names AECOM, located in Texas and California, and the Parsons Corporation, located in Virginia, regarding events allegedly occurring in 2008 in "Lake Placid (NY), Orlando (FL), San Jose (CA), Boston (MA), Canada." ECF 1 ¶ III. Plaintiff alleges that a contract he had with Parsons "clearly stated that [he is] a US CITIZEN and [that] the

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Canadian Consulate issued the visa." *Id.* Plaintiff seeks: (1) the recognition of his United States citizenship; (2) the protection of his "right to vote, right to livelihood, right to safe housing"; and (3) to be "compensated for false imprisonment between Nov 2008-present." *Id.* ¶ IV.

### 3.    25-CV-522

Plaintiff filed this complaint against Nirav Modi, a resident of Belgium, who is "in prison in the UK"; Mehul Choksi, a resident of Antigua and Barbuda; and Motilal Oswal Financial Services Ltd., which is located in India. Plaintiff claims that in February 2018, Defendants committed wire fraud, causing Plaintiff to lose $4,118. ECF 1 ¶ III. According to Plaintiff, if this "Court determines that [he is] a US CITIZEN . . . then it means that a US CITIZEN has been ripped off in" India. *Id.* Plaintiff seeks to be reimbursed for the loss of $4,118. *Id.* ¶ IV.

### 4.    25-CV-699

Plaintiff filed this complaint against Heather Rowe in the Massachusetts Attorney General's Office; the Clerk's Office of the Northeast Housing Court in Massachusetts; and the Administration Office for the Office of Professional Responsibility in the United States Department of Justice. The events giving rise to this action allegedly occurred in "Lake Placid (NY), Canada, Boston, MA, Fairfax, VA and [the] Canadian Consulate in New York City, NY" from "May 2008-Present." ECF 1 ¶ III. Plaintiff seeks to remove a Massachusetts housing court matter to this court because the "Canadian Consul General is located" in this district and because his "employer assured the Canadian Consul General of [his] return to Boston from Canada to "resume Regular Duties" on completion of the Canadian Assignment." *Id.* Plaintiff seeks the right to vote, to safe housing, to "free travel/mobility, right to livelihood" and back pay. *Id.* ¶ IV.

### 5.    25-CV-1853

Plaintiff filed this complaint against the Arizona State University ("ASU"), regarding events allegedly occurring between 2001 and 2004. He invokes a Freedom of Information Law

("FOIL") and the "Right to Life," and asserts that ASU improperly demanded $400 to process Plaintiff's FOIA request. He seeks an order directing ASU to "disclose the password so that we can expose the conduct of the" UF Police Department. *Id.* ¶ IV.

> 6.    **25-CV-2213**

Plaintiff filed this complaint against the Judicial Conference of the United States; Anastasia Dubrovsky, the Clerk of Court for the United States Court of Appeals for the First Circuit; and Susan J. Goldberg, the Circuit Executive of the First Circuit. Plaintiff claims that Defendants committed fraud and refused to email documents to him, falsely claimed to have sent them by regular mail, and declined to give him an extension of time to file documents. ECF 1 ¶ III. Plaintiff seeks to have this case "treat[ed] . . . as a part of the Class Action along with Case 6:24-mj-02124-DCI of the Postal Worker in Florida for voting rights." *Id.* ¶ IV.

**B.    Case filed in the District of Massachusetts**

In 2022, Plaintiff filed a complaint in the United States District Court for the District of Massachusetts against Google, Parsons[3], USCIS, and the government of India, among others. *See Sreedhar v. Google*, No. 22-CV-10322 (D. Mass. May 16, 2022), *dismissing appeal on default*, No. 22-1512 (1st Cir. Feb. 10, 2023). The district court dismissed Plaintiff's complaint because it listed defendants in the caption but contained no allegations indicating how they violated the law or injured Plaintiff, and also because the factual allegations within it were "conclusory and fail[ed] to identify which specific facts are attributed to which claim." ECF 6, at 10-11. As the district court explained,

> Sreedhar combines several different causes of action against multiple defendants.
> He alleges state and federal statutory violations without stating which facts relate
> to which claim or how the facts relate to the legal claims raised. The Federal

---

[3] Parsons is named as a defendant in one of the complaints Plaintiff filed in this court under docket No. 25-CV-482.

Rules of Civil Procedure place the onus on Sreedhar to submit a pleading that identifies and sets forth, in an organized fashion, the legal causes of action he seeks to assert against each defendant, and the factual grounds therefore. Here, it is unclear what legal claims are asserted against which defendants, which would make it difficult for the defendants to file a meaningful response.

*Id.*

The court granted Plaintiff leave to file an amended complaint "curing the pleading deficiencies of the original complaint and setting forth plausible claims upon which relief may be granted." *Id.* at 11. Plaintiff filed several amended pleadings and motions in response to the order, however, the court dismissed the action on July 7, 2022, because those submissions did not remedy the problems that the court had identified with the original complaint. *Id.*; ECF 22.

## DISCUSSION

### A.    Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaints do not include sufficient factual allegations to comply with Rule 8. The Court refers Plaintiff to the reasoning set forth in the order dismissing his case in the United States District Court for the District of Massachusetts. *See Sreedhar v. Google*, No. 22-CV-

10322 (D. Mass. May 16, 2022). To reiterate those grounds, Plaintiff names defendants without stating facts suggesting that they were involved personally in violating his federally protected rights. He asserts different causes of action against multiple defendants without explaining which facts relate to which claim or how the facts relate to the legal claims raised. As discussed in more detail below, Plaintiff's allegations do not give rise to plausible claims under the statutes he cites, or any other cause of action arising under federal law.

**B.      Recognition of citizenship**

In these complaints, Plaintiff seeks to be recognized as a United States citizen. The Court construes this assertion as seeking relief under the Administrative Procedure Act, ("APA"), 5 U.S.C. § 701 *et seq.*, under which an individual may obtain judicial review of either an "[a]gency action made reviewable by statute" or a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.[4]

The complaint could also be construed as asserting a claim under the Mandamus Act, 28 U.S.C. § 1361. Federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is an extraordinary

---

[4] The APA does not apply where "statutes preclude judicial review" or where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). The REAL ID Act amended the Immigration and Nationality Act to strip district courts of subject-matter jurisdiction over several defined categories of immigration decisions, among them, with certain exceptions, "any . . . decision or action of . . . the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of . . . the Secretary of Homeland Security." *Mantena v. Johnson*, 809 F.3d 721, 728 (2d Cir. 2015) (citing 8 U.S.C. § 1252(a)(2)(B)(i)). The statute has been construed as eliminating district court jurisdiction to review the denial of applications for adjustment of status under 8 U.S.C. § 1255. *See Agor v. Lynch*, 276 F. Supp. 3d 7, 18 (S.D.N.Y. 2017); *Ruiz v. Mukasey*, 555 F.3d 269, 276 n.4 (2d Cir. 2009). Plaintiff does not allege that he applied for adjustment of status, but to the extent Plaintiff is challenging a discretionary determination on any such application, this Court lacks jurisdiction to review it.

judicial remedy. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (noting that "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations" ). A writ of mandamus will not issue unless (1) the plaintiff has a right to have the act performed, (2) the defendant is under a clear nondiscretionary duty to perform the act requested and (3) plaintiff has exhausted all other avenues of relief. *City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir. 1984).

Plaintiff's complaints do not include factual allegations showing that he has a right to be declared a citizen. Plaintiff alleges that he was present in the United States on a student or work visa, and that once he was no longer a student or an employee, his visa was no longer valid, and he lost his legal status to remain here. These facts do not suggest that USCIS has a clear, nondiscretionary duty to recognize him as a United States citizen.

Accordingly, with respect to Plaintiff's assertion regarding his citizenship, he fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Miscellaneous claims

As discussed below, Plaintiff's other allegations fail to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 1.    Request for investigations

To the extent Plaintiff alleges that the government did not investigate the matters discussed in his complaints, he fails to state a claim. That is because there is no constitutional right to either government assistance or to an investigation by government officials. *Mortimer v. Grodsky*, No. 22-CV-6926 (LJL), 2022 WL 4096609, at *4 (S.D.N.Y. Sept. 6, 2022) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989)); *Bernstein v.*

*New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) (holding that there is "no constitutional right to an investigation by government officials" (citation omitted)).[5]

### 2.    Claims arising under criminal statutes

Plaintiff alleges that the defendants in 25-CV-522 and 25-CV-2213 committed fraud and violated other criminal statutes. Plaintiff cannot, however, initiate the arrest or prosecution of any individual because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff obtain an order directing prosecuting attorneys to initiate a criminal proceeding against any defendants. Prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

### 3.    Claim under state FOIL

In 25-CV-1853, Plaintiff alleges that ASU, a state university, did not comply with his state-law document request. The assertion that a state defendant violated a state law does not give rise to a claim arising under federal law. *See Old St. George's LLC v. Bianco*, 389 F. App'x 33, 35 (2d Cir. 2010) (holding that a claim arising from a records request, "alleges, at best, only a violation of [a state] Freedom of Information Law, and not a federal constitutional claim."); *Collins v. City of N.Y.*, No. 05-CV-5595, 2007 WL 2455142, at *5 (E.D.N.Y. Aug. 23, 2007) (holding that plaintiff's claim that defendants violated FOIL did not give rise to a federal claim).

---

[5] The Second Circuit has recognized two exceptions to the general rule that the government has no duty to investigate or protect individuals: First, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney*, 489 U.S. at 200. Second, the government may assume some obligation when it affirmatively creates or increases the danger. *See Dwares v. City of N.Y.*, 985 F.2d 94, 98-99 (2d Cir. 1993). Neither exception applies here.

4.      **Notice of removal**

In 25-CV-699, Plaintiff seeks, among other things, to remove a Massachusetts housing court matter. A civil action may be removed only to the federal court embracing the district where the state action is pending. 28 U.S.C. § 1441(a). The housing court matter that is or was pending in a housing court in Massachusetts, which is in the District of Massachusetts. See 28 U.S.C. § 101. Removal of the case to this district is, therefore, improper.

D.    **Venue**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Title 28, United States Code, Section 1406(a) ("Section 1406(a)") provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "When considering whether a transfer would serve the interest of justice, [the court] must weigh 'the equities of dismissing a claim when it could be transferred.'" *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)). The decision "whether to dismiss or transfer a case 'lies

within the sound discretion of the district court.'" *See Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).

Here, none of the six above-captioned actions allege facts satisfying the relevant requirements of Section 1391(b). Plaintiff does not allege that any Defendant resides in this District, that any events or omissions giving rise to any claim occurred in this District, or that any Defendant is subject to personal jurisdiction here. *See generally* Complaints. Because Plaintiff's complaints, even liberally construed, do not state a claim on which relief may be granted, the Court declines to transfer any of them in the interest of justice.[6]

### E.    Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines, at this stage, to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

---

[6] *See, e.g.*, *Toussaint v. Lyft*, 23-CV-03750, 23-CV-03751, 23-CV-03752, 23-CV-03753, 2023 WL 3792525, at *3 (E.D.N.Y. June 2, 2023) (consolidating four *pro se* complaints solely for the purpose of dismissing them without prejudice for improper venue and failure to comply with federal pleading rules).

**F.    Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants Plaintiff 30 days' leave to file amended complaints, should he wish to do so, in any of these six cases. If Plaintiff does not file amended complaints within the time allowed, the Court will direct the Clerk of Court to enter judgment in these cases.

The amended complaints will completely replace, not supplement, the original complaints. In the "Statement of Claim" section of the amended complaint forms, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaints that Plaintiff wants the Court to consider in deciding whether the amended complaints state a claim for relief. That information should include:

    a)   the names and titles of all relevant people;

    b)   a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)   a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. **Plaintiff should only file amended complaints if facts exist to show that: (1) he can state a plausible claim against a named defendant; (2) this Court has jurisdiction of the claims; and (3) that this Court is a proper venue for those claims**. If such facts exist, Plaintiff should be able to submit pleadings that comply with federal pleading rules. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

## CONCLUSION

The Court dismisses these six complaints for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Clerk of Court is directed to terminate all pending motions without prejudice. The Clerk of Court is further directed to docket this order in each of the above-captioned cases.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold these matters open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    April 29, 2025
          New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                            Chief United States District Judge